IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Yesenia M. Vargas Compean | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | FILE NO.: _____ |
| | : | |
| Delta Air Lines Inc., and | : | |
| Aerovias de Mexico S.A. de C.V. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Matthew B. Stoddard
Patrick J. Hannon
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
matt@legalhelpga.com
Pat@legalhelpga.com

*Attorneys for Plaintiffs*

1

## INTRODUCTION

1.      This is personal injury action arising under a U.S. treaty. Plaintiff was a passenger on Defendant Delta Air Lines Inc.'s flight from Atlanta to Mexico City on March 19, 2022. Plaintiff was severely injured by Defendants' negligence on that flight and while disembarking from that flight. Plaintiff brings this action to recover full damages for her injuries, which required hospitalization and surgery. Plaintiff also sues to recover for damage to her wheelchair that was suffered during Defendants' air carriage.

## THE PARTIES

2.      Plaintiff Yesenia M. Vargas Compean is an adult individual who currently resides and at all times relevant to this Complaint resided in the State of Georgia.

3.      Delta Air Lines Inc. ("Delta") is a for-profit corporation that is incorporated under the laws of Delaware and maintains is principal place of business in Georgia.

4.      Delta may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 40, Peachtree Corners, Georgia 30092.

5.      Aerovias de Mexico S.A. de C.V. ("Aeromexico") is foreign air carrier organized under the laws of Mexico and is subject to the jurisdiction of this Court.

6.      Aeromexico may be served through its registered agent, Aviation Industry Consultants, LLC, 1313 Ponce De Leon Boulevard, Suite 201, Coral Gabels, Florida 33134.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under a treaty of the United States. In particular, this case arises under the Convention for Unification of Certain Rules for International Carriage by Air, signed in Montreal, Canada, on May 28, 1999 ("the "Montreal Convention").

8.      This Court has personal jurisdiction over Delta because it is a Georgia corporation with its principal place of business in Georgia.

9.      This Court has personal jurisdiction over Aeromexico because Aeromexico transacts business in Georgia. Aeromexico sought and holds a permit from the U.S. Department of Transportation that permits it to sell tickets to passengers on flights between Mexico and Hartsfield-Jackson Atlanta International Airport in Georgia. Aeromexico operates numerous flights each day between

airports in Mexico and Hartsfield-Jackson Atlanta International Airport. In addition,

Aeromexico uses and possesses real property in Georgia. It maintains a terminal at

Hartsfield-Jackson Atlanta International Airport where it daily sells airline tickets,

processes the baggage of air passengers, and conducts other airline business.

10.     Venue is proper under 28 U.S.C. § 1391 because Delta resides in this

district.

## FACTUAL ALLEGATIONS

11.     Plaintiff purchased from Delta a ticket to fly on March 19, 2022, from

Atlanta, Georgia to Tampico, Mexico, connecting through Mexico City.

12.     Delta and Aeromexico have code sharing agreement under which Delta

operated the flight from Atlanta to Mexico City, and Aeromexico operated the flight

from Mexico City to Tampico.

13.     Plaintiff, who is quadriplegic, arranged with Delta to have Delta's

agents or servants assist her in transferring from her wheelchair to the airplane seat

in Atlanta.

14.     Plaintiff also arranged with Delta to assist her in transferring from her

seat back into a wheelchair when the flight arrived in Mexico City and to assist her

in disembarking the aircraft.

4

15.     On March 19, 2022, Plaintiff boarded Delta flight 0577 to take the first leg of the trip—the flight from Atlanta, Georgia, to Mexico City, Mexico.

16.     Plaintiff entrusted her electronic wheelchair to Delta, and Delta placed the wheelchair in the cargo area for transport to Tampico.

17.     In Atlanta, Delta's agents or servants assisted Plaintiff in transferring from a wheelchair to the airplane seat on flight 0577 without incident.

18.     When Delta flight 0577 arrived in Mexico City, Delta's agents, servants, or employees ("the airline agents") arrived to lift Plaintiff from her airplane seat to a wheelchair provided by Defendants that had been placed in the isle.

19.     The airline agents also were agents, servants, or employees of Aeromexico.

20.     The airline agents failed to use reasonable care in lifting Plaintiff and in attempting to transfer Plaintiff from her seat to her wheelchair.

21.     Because of the airline agents' failure to use reasonable care, they dropped Plaintiff, and she fell to the floor of the airplane.

22.     The fall caused severe injury to Plaintiff's skin and buttocks.

23.     The airline agents also failed to use reasonable care in lifting Plaintiff from the floor and in taking her off the airplane, causing further injury.

5

24.     Plaintiff's injuries from the incident required extended hospitalization and surgery.

25.     When Plaintiff arrived in Tampico, Aeromexico agents brought Plaintiff's wheelchair to her, and Plaintiff discovered that it had suffered extensive damage in during the air carriage.

## CLAIM 1 – BODILY INJURY UNDER
## THE MONTREAL CONVENTION

26.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

27.     The United States and Mexico are both signatories to the Montreal Convention.

28.     The Delta flight that transported Plaintiff from Atlanta to Mexico is an international air carriage under the Montreal Convention.

29.     Because Plaintiff's injuries occurred as a result of an incident that took place onboard Delta's aircraft or while Plaintiff was disembarking that aircraft, the Montreal Convention governs this case.

30.     Under the Montreal Convention, Defendants had a duty of care to their passengers, including Plaintiff.

31.     Due to the carelessness, negligence, recklessness, and other wrongful acts or omissions of Defendants, Plaintiff was dropped during transfer and suffered bodily injuries.

32.     Defendants' actions in dropping Plaintiff and causing Plaintiff's bodily injuries constitute an "accident" under the Montreal Convention.

33.     There are no limitations under the Montreal Convention on Plaintiff's recoverable damages because Plaintiff's injuries and damages are due to the negligence or other wrongful acts or omissions of Defendants and their servants or agents.

34.     By virtue of the acts and omissions described above, Defendants caused Plaintiff to suffer general damages due to her injuries, including conscious pain and suffering, and caused Plaintiff to suffer special damages, including medical bills.

35.     Plaintiff incurred medical bills exceeding $400,000 to treat for her injuries.

36.     Defendants are liable under the Montreal Convention for Plaintiff's injuries and damages.

## CLAIM 2 – PROPERTY DAMAGE UNDER
## THE MONTREAL CONVENTION

37.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

38.     When Plaintiff arrived for Delta flight 0577 from Atlanta to Mexico City, the wheelchair that she entrusted to Delta's agents was in good condition.

39.     When Defendants returned Plaintiff's wheelchair to her in Tampico, the wheelchair had extensive damage.

40.     Plaintiff's wheelchair was damaged during Defendants' air carriage.

41.     The Montreal Convention governs Plaintiff's claim for damage to her wheelchair.

42.     Under the Montreal Convention, Defendants had a duty of care to properly secure and care for Plaintiff's wheelchair during air carriage.

43.     Due to the carelessness, negligence, recklessness, and other wrongful acts or omissions of Defendants, Plaintiff's wheelchair was damaged.

44.     Defendants' failure to properly secure and care for the wheelchair constitutes an "accident" under the Montreal Convention.

45.     The damage to Plaintiff's wheelchair is due to the negligence or other wrongful acts or omissions of Defendants or their servants or agents.

8

46.     Plaintiff timely provided written notice of the property damage claim to Defendants.

47.     Defendants are liable for the damage to Plaintiff's wheelchair.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment to be awarded to her and against Defendants for the following:

a) Process issue requiring Defendants to appear as provided by law to answer this Complaint;

b) That Defendants are timely served with process;

c) Plaintiff be awarded all general, special, compensatory, economic, non-economic, punitive, and all other allowable damages from Defendants in accordance with the enlightened conscience of an impartial jury and as permitted under the Montreal Convention and Georgia law;

d) That all costs be cast against Defendants;

e) Plaintiffs have a trial by jury on all issues and claims; and

f) Plaintiffs have such other relief as this Court deems just and appropriate under the circumstances.

This 1st day of December, 2023.

/s/ Matthew B. Stoddard
Matthew B. Stoddard
Ga. Bar No.: 558215
Patrick J. Hannon
Ga. Bar No.: 074321
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
matt@legalhelpga.com
pat@legalhelpga.com